[911 NE2d 844, 883 NYS2d 782]

PETER MARC STERN, Respondent, v ANDREW LAVOOTT BLUE-STONE, Appellant.

Argued April 29, 2009; decided June 11, 2009

## APPEARANCES OF COUNSEL

*Andrew Lavoott Bluestone*, pro se, and *Scott H. Greenfield*, New York City, for Andrew Lavoott Bluestone, appellant.

*Bromberg Law Office, P.C.*, New York City (*Brian L. Bromberg* of counsel), for respondent.

### OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be reversed, with costs; the case remitted to Supreme Court for further proceedings in accordance with this opinion; and the certified question answered in the negative.

During the roughly 16-month period from November 25, 2003 through March 29, 2005, plaintiff Peter Marc Stern, a solo practitioner, received 14 unasked-for facsimile messages (faxes) from defendant Andrew Lavoott Bluestone, a solo practitioner who specializes in bringing attorney malpractice actions. Each fax was entitled "Attorney Malpractice Report," and included Bluestone's contact information and Web site addresses. The body of each fax consisted of a short essay about various topics related to attorney malpractice: fee disputes with clients, the elements of professional malpractice, liens, common causes of attorney malpractice litigation, and unexpected circumstances in which claims of attorney malpractice arise.

In August 2005, Stern commenced this lawsuit against Bluestone pursuant to the Telephone Consumer Protection Act (TCPA) of 1991 (47 USC § 227, as added by Pub L 102-243, 105 US Stat 2394), which prohibits the use of "any telephone facsimile machine . . . to send . . . an unsolicited advertisement" (47 USC § 227 [b] [1] [C]); and creates a private right of action in state court for recovery of money damages (47 USC § 227 [b] [3]). At the time Bluestone sent the 14 faxes, the TCPA defined an "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or

services which is transmitted to any person without that person's prior express invitation or permission" (former 47 USC § 227 [a] [4]). Stern alleged that the 14 faxes he received from Bluestone were "unsolicited advertisements" within the meaning of the TCPA and, as a first cause of action, he sought $500 in damages for each fax, which he asked the court to treble on account of Bluestone's alleged willful or knowing violation of the statute.

In December 2005, Stern moved for summary judgment as to liability on his first cause of action, and for a finding, as a matter of law, that Bluestone had knowingly or willfully violated the TCPA. In support of the motion, Stern declared in an affidavit that he "never authorized [Bluestone] to transmit facsimiles to [him] or anyone else at [his] office." He also asserted that he never had a business relationship with Bluestone, and had never heard of him until he began receiving the faxes in November 2003. In opposition to the motion, Bluestone contended that the faxes were not advertisements, or at the very least that there was a factual question as to whether they were.

In August 2006, Supreme Court granted Stern summary judgment as to liability on his first cause of action, concluding that Bluestone's faxes "indirectly advertise[d] the commercial availability and quality" of his services as a legal malpractice attorney. Supreme Court also found "as a matter of law that Bluestone willfully and knowingly violated the TCPA." In that regard, the court noted that Bluestone "was served with a similar complaint for violation of the TCPA in 2003, leading to summary judgment against him in this court [in] 2004." Upon Bluestone's appeal, the Appellate Division, with two Justices dissenting, reiterated Supreme Court's reasoning and affirmed. We now reverse.

In 2006, when it amended its rules implementing the TCPA and the Junk Fax Prevention Act of 2005 (Pub L 109-21, 119 US Stat 359, amending 47 USC § 227), the Federal Communications Commission (FCC) elaborated on what constitutes an "unsolicited advertisement" (see 71 Fed Reg 25967 [2006], codified at 47 CFR 64.1200). With respect to "informational messages" via facsimile, the FCC stated that

> "facsimile communications that contain *only information*, such as industry news articles, legislative updates, or employee benefit information, would not be prohibited by the TCPA rules. *An incidental advertisement contained in such a newsletter does*

*not convert the entire communication into an adver-tisement . . .* Thus, a trade organization's newsletter sent via facsimile would not constitute an unsolicited advertisement, *so long as the newsletter's primary purpose is informational, rather than to promote commercial products"* (*id.* at 25973 [emphasis added]).

We conclude that Bluestone's "Attorney Malpractice Report" fits the FCC's framework for an "informational message," and thus the 14 faxes are not "unsolicited advertisement[s]" within the meaning of the TCPA. In these reports, Bluestone furnished information about attorney malpractice lawsuits; the substantive content varied from issue to issue; and the reports did not promote commercial products. To the extent that Bluestone may have devised the reports as a way to impress other attorneys with his legal expertise and gain referrals, the faxes may be said to contain, at most, "[a]n incidental advertisement" of his services, which "does not convert the entire communication into an advertisement" (*id.*). As a final matter, we note that Bluestone did not cross-move for summary judgment in Supreme Court, and, unlike Supreme Court and the Appellate Division, we are not empowered to search the record and grant summary judgment to a nonmoving party (*see Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106, 110-111 [1984]).

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur in memorandum.

Order reversed, etc.