10-3854-cv

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

————————

August Term, 2010

(Submitted:  May 19, 2011      Decided: October 17, 2011)

Docket No. 10-3854-cv

————————

EARLE GIOVANNIELLO, Individually and on Behalf of
All Others Similarly Situated,

*Plaintiff-Appellant*,

—v.—

ALM MEDIA, LLC,

*Defendant-Appellee*.

————————

Before:
        RAGGI, LOHIER, and WALLACE,[*] *Circuit Judges*.
————————

Appeal from a judgment of the United States District Court for the District of

Connecticut (Janet Bond Arterton, *Judge*) dismissing as time-barred a putative class action

alleging violations of the Telephone Consumer Protection Act arising from the transmission

of an unsolicited advertisement to plaintiff by means of a telephone facsimile machine.

--------

[*] The Honorable J. Clifford Wallace of the United States Court of Appeals for the
Ninth Circuit, sitting by designation.

1

AFFIRMED.

Judge Wallace concurs in the judgment in a separate opinion.

-----------

TODD C. BANK, Esq., Kew Gardens, New York, *for Plaintiff-Appellant*.

ELIZABETH C. KOCH, CHAD R. BOWMAN, Levine Sullivan Koch & Schultz, LLP, Washington, D.C., *for Defendant-Appellee*.

-----------

REENA RAGGI*, Circuit Judge*:

The Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227, allows persons to recover statutory damages in state court for the transmission of unsolicited advertisements by means of a telephone facsimile machine "if otherwise permitted by the laws or rules of court" of the state where the action is filed, id. § 227(b)(3). On this appeal from a judgment of dismissal entered in the United States District Court for the District of Connecticut (Janet Bond Arterton, *Judge*), we consider whether a state statute of limitations is among the "laws" referenced in the TCPA's "otherwise permitted" provision, or whether the statute of limitations for TCPA actions is the federal catch-all four-year limitations period provided in 28 U.S.C. § 1658(a). In the circumstances of this case, where the relevant state law, Conn. Gen. Stat. § 52-570c, specifically recognizes a cause of action for statutory damages for the transmission of unsolicited commercial facsimile ("fax") communications, but permits such an action to be filed only within two years of the complained-of transmission, see id. § 52-570c(d), we conclude that a TCPA action may be maintained only as permitted by that state statute of limitations.

2

In ordering dismissal, the district court did not decide whether Conn. Gen. Stat. § 52-570c(d) applied to this case. Instead, it concluded that this action, filed by plaintiff Earle Giovanniello on September 9, 2009, with respect to a fax transmitted by ALM Media, LLC ("ALM") on January 28, 2004, was untimely even under the four-year limitations period of 28 U.S.C. § 1658(a). See Giovanniello v. ALM Media, LLC, No. 09 Civ. 1409 (JBA), 2010 WL 3528649, at *6 (D. Conn. Sept. 3, 2010). On appeal, Giovanniello asserts that 28 U.S.C. § 1658(a), rather than Conn. Gen. Stat. § 52-570c(d), is the applicable statute of limitations. He submits, however, that the district court erred in finding that statute of limitations tolled pursuant to American Pipe & Construction Co. v. Utah, 414 U.S. 538 (1974), only through dismissal of an earlier putative class action in the Southern District of New York based on the same fax transmission, and not also through reconsideration or appeal of that judgment. We need not address that issue because this TCPA action can be maintained only as permitted by Connecticut law, see 47 U.S.C. § 227(b)(3), which we now clarify includes Conn. Gen. Stat. § 52-570c(d). Accordingly, Giovanniello's complaint is untimely even if tolling were to be calculated as he urges.[1]

_____

[1] The district court's decision not to rule conclusively as to which statute of limitations applied to a TCPA claim that was untimely under both statutes is understandable. This court, however, cannot avoid that issue because the application of either the state or federal statute of limitations raises a question of law unresolved in this circuit. It serves neither the parties nor district courts presented with TCPA filings to resolve the issue applicable to 28 U.S.C. § 1658(a)—the reach of American Pipe tolling—and to avoid the one pertaining to Conn. Gen. Stat. § 52-570c(d)—the construction of the "otherwise permitted" provision of 47 U.S.C. § 227(b)(3)—the latter of which shows that the state statute of limitations, in fact, controls this TCPA filing.

This opinion does not further address American Pipe tolling, and we intimate no view

3

## I.    Background

### A.    The January 28, 2004 Fax Transmission

On January 28, 2004, Giovanniello allegedly received an unsolicited commercial fax at his home in Connecticut from ALM in New York.  Giovanniello asserts that he was but one of more than 10,000 recipients of similar unsolicited fax advertisements sent by ALM between March 2003 and October 2009. He maintains that transmission of these faxes violated the TCPA, which prohibits, among other things, the "use [of] any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement."  47 U.S.C. § 227(b)(1)(C).

### B.    The September 8, 2009 Filing

This lawsuit is the fourth filed by Giovanniello under the TCPA for transmission of the January 28, 2004 fax.

#### 1.    The Initial Connecticut State Court Filings

On April 23, 2004, Giovanniello filed a putative class action under the TCPA in Connecticut state court, which he voluntarily withdrew on August 30, 2004. The following

---

with respect to whether tolling under American Pipe extends through the pendency of a motion for reconsideration or on appeal.  We acknowledge, however, that every circuit to have addressed the scope of this doctrine has concluded, as the district court did here, that American Pipe tolling ceases upon denial of class certification.  See Taylor v. United Parcel Serv., Inc., 554 F.3d 510, 519 (5th Cir. 2008); Bridges v. Dep't of Md. State Police, 441 F.3d 197, 211 (4th Cir. 2006); Yang v. Odom, 392 F.3d 97, 102 (3d Cir. 2004); Culver v. City of Milwaukee, 277 F.3d 908, 914 (7th Cir. 2002); Stone Container Corp. v. United States, 229 F.3d 1345, 1355-56 (Fed. Cir. 2000); Armstrong v. Martin Marietta Corp., 138 F.3d 1374, 1391 (11th Cir. 1998) (en banc); Andrews v. Orr, 851 F.2d 146, 149-50 (6th Cir. 1988); Fernandez v. Chardon, 681 F.2d 42, 48 (1st Cir. 1982).

4

month, on September 20, 2004, Giovanniello filed a second putative class action in Connecticut state court, but voluntarily dismissed that lawsuit without prejudice on June 27, 2005.

### 2. The New York Federal Court Filing

Over a year and a half later, on March 8, 2007, Giovanniello invoked federal diversity jurisdiction to file his third putative class action under the TCPA, this time in the United States District Court for the Southern District of New York ("Southern District action"). The district court dismissed the complaint on August 6, 2007, holding that (1) the TCPA incorporated a New York law prohibiting class-action suits seeking statutory damages, N.Y. C.P.L.R. § 901(b), and (2) without viable class allegations, Giovanniello failed to satisfy the minimum amount-in-controversy requirement for diversity jurisdiction. See Giovanniello v. N.Y. Law Publ'g Co., No. 07 Civ. 1990 (HB), 2007 WL 2244321, at *4 (S.D.N.Y. Aug. 6, 2007).

Giovanniello moved for reconsideration, which the district court denied on December 11, 2007. See Giovanniello v. N.Y. Law Publ'g Co., No. 07 Civ. 1990 (HB), 2007 WL 4320757, at *2 (S.D.N.Y. Dec. 11, 2007). Giovanniello timely appealed to this court on December 19, 2007. A month later, on January 15, 2008, he stipulated to withdrawal of the appeal without prejudice to reinstatement pending resolution of two other appeals challenging the application of N.Y. C.P.L.R. § 901(b) to TCPA class-action suits brought in New York. See Stipulation, Giovanniello v. ALM Media, Inc., No. 07-5371-cv (2d Cir. Jan. 15, 2008). After resolution of those appeals, Giovanniello failed to respond to an order to

5

show cause relating to the status of his appeal. Accordingly, this court ordered the appeal dismissed pursuant to the earlier stipulation. See Order, Giovanniello v. ALM Media, Inc., No. 07-5371-cv (2d Cir. Feb. 9, 2009). The mandate subsequently issued on March 13, 2009.

### 3. The Instant Connecticut Federal Court Filing

On September 8, 2009—more than five and a half years after he received the January 28, 2004 fax here at issue—Giovanniello again invoked diversity jurisdiction to file this, his fourth, putative class action against ALM in the United States District Court for the District of Connecticut. ALM moved to dismiss the complaint as untimely, arguing that the TCPA incorporates state law filing limitations and that, under Connecticut law, a private action by the recipient of an unsolicited commercial fax must be brought within two years of transmission. See Conn. Gen. Stat. § 52-570c(d). ALM further contended that even if the federal catch-all four-year statute of limitations applied, see 28 U.S.C. § 1658(a), Giovanniello's action was nonetheless time-barred.

On September 3, 2010, the district court granted ALM's motion to dismiss. See Giovanniello v. ALM Media, LLC, 2010 WL 3528649. The court observed that Giovanniello had conceded that, even under the more generous federal statute of limitations, his complaint was time-barred unless American Pipe & Construction Co. v. Utah, 414 U.S. 538, was construed to support tolling of the statute of limitations through his motion for reconsideration or appeal of the judgment of dismissal entered in the Southern District action.

6

See Giovanniello v. ALM Media, LLC, 2010 WL 3528649, at *2 & n.3.[2]  Noting the lack of any support for Giovanniello's urged construction of American Pipe in our circuit precedent, see id. at *4, and the unanimous contrary authority from our sister circuits, see id. at *5-6, the district court dismissed Giovaniello's claim as time-barred without conclusively deciding whether the state or federal statute of limitations applied.  See id. at *6.

This timely appeal followed.

## II.    **Discussion**

We review de novo a district court's grant of a motion to dismiss, including its legal conclusions concerning the applicable statute of limitations.  See City of Pontiac Gen. Emps.' Ret. Sys. v. MBIA, Inc., 637 F.3d 169, 173 (2d Cir. 2011).  We may affirm on any ground supported in the record, even if it is not one on which the district court relied.  See 10 Ellicott Square Court Corp. v. Mountain Valley Indem. Co., 634 F.3d 112, 125 (2d Cir. 2011).

---

[2] In maintaining that federal rather than state law provided the applicable statute of limitations, Giovanniello calculated the federal four-year limitations period to afford him 1,461 days from the January 28, 2004 fax transmission to file his TCPA complaint. Although acknowledging that his September 8, 2009 complaint was filed 2,051 days after the fax transmission, or 590 days outside the federal statute of limitations, Giovanniello asserted that this delinquency would be eliminated if the statute were tolled during the pendency of his two Connecticut putative class actions and the Southern District action. Specifically, if tolling continued through the August 6, 2007 dismissal of the Southern District action, the complaint would be untimely by 30 days, but if tolling were extended through either the motion for reconsideration or appeal of that decision, as Giovanniello urged, the complaint would be timely.

7

A.     State Statutes of Limitations Are Properly Consulted To Determine if a TCPA Action is "Otherwise Permitted" by State Law

In determining the statute of limitations applicable to Giovanniello's instant action, we begin, as we must, with the relevant statutory texts. See, e.g., Cruz-Miguel v. Holder, 650 F.3d 189, 2011 WL 1565847, at *5 (2d Cir. 2011) ("Statutory analysis necessarily begins with the plain meaning of a law's text and, absent ambiguity, will generally end there." (internal quotation marks omitted)). Title 28 U.S.C. § 1658(a) states that "[e]xcept as otherwise provided by law, a civil action arising under an Act of Congress enacted after [December 1, 1990] may not be commenced later than 4 years after the cause of action accrues." (emphasis added). As the highlighted language indicates, the statute expresses a default position: a four-year statute of limitations applies only if Congress has not indicated that some other time period controls.

The act of Congress here at issue, the TCPA, was enacted in 1991 and does not expressly provide a statute of limitations for the private cause of action it authorizes. It does, however, state in pertinent part that "[a] person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State," a private action to enjoin a TCPA violation and to recover damages for actual monetary loss or $500, whichever is greater. 47 U.S.C. § 227(b)(3) (emphasis added). Thus, we must consider whether the highlighted language includes a state statute of limitations.

In construing the TCPA's "otherwise permitted" provision, we have concluded that the language is "unambiguous" in placing "an express limitation on the TCPA which federal

8

courts are required to respect": a TCPA claim "cannot be brought if not permitted by state law." Bonime v. Avaya, Inc., 547 F.3d 497, 502 (2d Cir. 2008), abrogated on other grounds by Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co., 130 S. Ct. 1431 (2010). Indeed, as we recently stated, the "otherwise permitted" provision is "a delegation by Congress to the states of considerable power to determine which causes of action lie under the TCPA." Holster v. Gatco, Inc., 618 F.3d 214, 217-18 (2d Cir. 2010), cert. denied, 131 S. Ct. 2151 (2011).[3] Although it may seem "unusual," Bonime v. Avaya, Inc., 547 F.3d at 499, for Congress to have created a federal cause of action that may be "define[d] by state law," Holster v. Gatco, Inc., 618 F.3d at 216, that intent is confirmed and explained in legislative history.

The purpose of the TCPA was to assist those states—then numbering forty—that had enacted legislation to protect their residents from unsolicited commercial telecommunications

---

[3] As we recognized in Holster, the Supreme Court's opinion in Shady Grove abrogated our decision in Bonime only to the extent that it relied on the doctrine of Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938), to hold that, in a federal diversity action, N.Y. C.P.L.R. § 901(b) required the dismissal of a putative class action under the TCPA. See Holster v. Gatco, Inc., 618 F.3d at 216-17. Nothing in Shady Grove disturbed Bonime's alternative ground for decision, which construed the plain language of the TCPA's "otherwise permitted" provision to require federal courts to respect the prohibition of § 901(b). This distinction was drawn by Judge Calabresi in his concurring opinion in Bonime, which did not join the majority in relying on Erie because a TCPA action is created by federal, not state, law, but which nevertheless supported dismissal based on a construction of the limitation Congress placed on TCPA actions through the plain language of the "otherwise permitted" provision. See Bonime v. Avaya, 547 F.3d at 503 (Calabresi, J., concurring) (observing that "state law that bars suit in state court, like [N.Y.] C.P.L.R. [§] 901(b), thus effectively eliminates the cause of action created under the TCPA"). Indeed, Judge Calabresi clarified the continued vitality of this ground for the Bonime decision in writing for the court in Holster. See Holster v. Gatco, Inc., 618 F.3d at 217-18.

9

by filling a perceived jurisdictional gap for interstate communications that states might not otherwise be able to reach. See TCPA, Pub. L. No. 102-243, § 2(7), 105 Stat. 2394, 2394 (1991) (codified as a note to 47 U.S.C. § 227) ("Over half the States now have statutes restricting various uses of the telephone for marketing, but telemarketers can evade their prohibitions through interstate operations; therefore, Federal law is needed to control residential telemarketing practices."); see also S. Rep. No. 102-178, at 3 (1991), reprinted in 1991 U.S.C.C.A.N. 1968, 1970 ("States do not have jurisdiction over interstate calls. Many States have expressed a desire for Federal legislation to regulate interstate telemarketing calls to supplement their restrictions on intrastate calls."); see generally Foxhall Realty Law Offices, Inc. v. Telecomm. Premium Servs., Ltd., 156 F.3d 432, 437 (2d Cir. 1998) (discussing TCPA legislative history). In providing the "interstitial law" necessary to "prevent[] evasion of state law by calling across state lines," Congress chose to make a TCPA action the "functional equivalent of a state law," applicable only as otherwise permitted by state law and court rules. Gottlieb v. Carnival Corp., 436 F.3d 335, 342 (2d Cir. 2006) (Sotomayor, J.); see also Bonime v. Avaya, Inc., 547 F.3d at 503 (Calabresi, J., concurring) (discussing application of canon of construction pertaining to limiting clauses to TCPA's "otherwise permitted" provision). In thus delimiting TCPA actions, Congress placed no restrictions on the state laws or court rules that must be satisfied. Rather, the "as permitted" requirement is unqualified.

In his concurring opinion, Judge Wallace acknowledges that "it is possible in the abstract to read the portion of [the] TCPA providing for a private claim 'if otherwise

10

permitted by the laws or rules of court of a State' . . . as a decision by Congress to adopt state statutes of limitations for TCPA claims." Wallace, J., Op. Concurring in Part ("Wallace, J., Op."), post at **[11]**. Nevertheless, he contends that the provision should be interpreted as permitting states to decide only "to permit private TCPA actions in their courts or to not permit them." Id. That restrictive interpretation, however, is foreclosed by this court's prior decisions, which have interpreted the TCPA to "use[] state law to define the federal cause of action." Holster v. Gatco, Inc., 618 F.3d at 216 (emphasis added); see also id. at 217 (interpreting "otherwise permitted" provision "as a delegation by Congress to the states of considerable power to determine which causes of action lie under the TCPA"); Bonime v. Avaya, 547 F.3d at 504 (Calabresi, J., concurring) (observing that the Second Circuit has interpreted the TCPA's "state-centered language as having substantive content"). As in Holster, we need not here consider the possibility of a state rule so trivial that it would be absurd to allow non-compliance to deny a litigant his putative federal right to recover under the TCPA. See Holster v. Gatco, Inc., 618 F.3d at 217 (observing that state law prohibiting class action suits for statutory damages did not present concerns raised by "rules about 'the color and size of the paper' used for the complaint" hypothesized by Justice Scalia's concurrence in Holster remand order (quoting Holster v. Gatco, Inc., 130 S. Ct. 1575, 1576 (2010) (Scalia, J., concurring))). Statutes of limitations do not fit into such a category. This is apparent from the fact that federal courts adjudicating state causes of action pursuant to diversity jurisdiction must apply outcome-determinative state statutes of limitations. See generally Guaranty Trust Co. v. York, 326 U.S. 99, 100 (1945); accord Diffley v.

11

Allied-Signal, Inc., 921 F.2d 421, 423 (2d Cir. 1990) ("In diversity cases, state statutes of limitations govern the timeliness of state law claims, and state law determines the related questions of what events serve to commence an action and to toll the statute of limitations." (internal quotation marks omitted)).

In sum, while a TCPA diversity action is somewhat unusual in that the cause of action is created by federal rather than state law, that federal law authorizes TCPA claims only as "otherwise permitted" by state law. This indicates that "Congress intended to give states a fair measure of control over solving the problems that the TCPA addresses." Holster v. Gatco, Inc., 618 F.3d at 218. Such control encompasses not only the general authority to recognize particular causes of action, but also the specific authority to determine the time period within which such actions will be recognized. Accordingly, we construe the "otherwise permitted" provision of 47 U.S.C. § 227(b)(3) to signal Congress's intent to allow state statutes of limitations to control a TCPA filing. If a claim for the transmission of an unsolicited commercial fax is no longer "permitted" by a state statute of limitations, it cannot be maintained under the TCPA, notwithstanding the federal catch-all statute of limitations provided in 28 U.S.C. § 1658(a).[4]

---

[4] Judge Wallace posits that permitting states to impose statutes of limitations on TCPA actions allows states to "modify a right established by Congress" in "direct tension with the Supremacy Clause." Wallace, J., Op., post at **[17, 19]**. This concern is misplaced because we construe the "otherwise permitted" provision as a congressional delegation of authority to the states to define the TCPA action permitted in their respective jurisdictions. In any event, it would be odd to conclude, as Judge Wallace's argument suggests, that the TCPA permits states, without contravening the Supremacy Clause, completely to deny a plaintiff his federal "substantive rights" under the TCPA by prohibiting such claims from being

B.     Giovanniello's TCPA Claim Is Not Permitted by Conn. Gen. Stat. § 52-570c(d)

In light of the fact that Giovanniello received the fax at issue in Connecticut, the parties do not question the application of that state's law to this case.  See generally Weber v. U.S. Sterling Sec., Inc., 282 Conn. 722, 737, 924 A.2d 816, 827 (2007) (holding TCPA claim governed by law of state where injury occurred, i.e., where fax was received).  Connecticut law recognizes a cause of action for the unlawful "use [of] a machine that electronically transmits facsimiles . . . to transmit unsolicited advertising material . . . which offers to sell goods or services."  Conn. Gen. Stat. § 52-570c(a).  The parties appear to agree that this is sufficient to demonstrate that a parallel federal action under the TCPA is "otherwise permitted" under Connecticut law.  We do not need to decide that question because Giovanniello's claim is, in any event, not permitted under the Connecticut statute of limitations applicable to unsolicited commercial fax claims.[5]  Actions for injunctive relief or statutory damages arising from a violation of § 52-570c(a) must be filed "within two years

---

brought in state courts altogether, but not to specify a reasonable time frame within which such actions must be filed.  Further, the analogy that Judge Wallace draws between a statute of limitations and a state law prohibiting treble damages under the TCPA is inapt.  See id. at **[17-18]**.  Whether a state law that restricts the remedies available in a viable TCPA action would be preempted—an issue not before us on appeal—is a fundamentally different question from whether such an action is "otherwise permitted" by state law in the first place.  We express no opinion as to whether a state could adopt such restrictions without running afoul of the Supremacy Clause.

[5] Judge Wallace's preferred resolution of this appeal based on American Pipe tolling would similarly require us to assume that TCPA actions are "otherwise permitted" under Connecticut state law.

13

from the date of the act complained of." Id. § 52-570c(d). In short, Connecticut law does not "otherwise permit[]" an action for unsolicited commercial faxes filed more than two years after transmission.

Giovanniello complains that he received a single unsolicited commercial fax from ALM on January 28, 2004. He did not commence this action until September 8, 2009, more than five and a half years later. Even if Connecticut law were to toll all times when Giovaniello's earlier state and federal putative class actions pertaining to the January 28, 2004 fax were pending, including through disposition of his motion for reconsideration and appeal of the dismissal of the Southern District action, Giovanniello's September 8, 2009 filing would be untimely and, therefore, not "otherwise permitted" by § 52-570c(d).[6]

Giovanniello does not contend that Connecticut law provides otherwise. Instead, he persists in arguing against the application of Conn. Gen. Stat. § 52-570c(d) to his TCPA

---

[6] That Connecticut's tolling rules would apply is a necessary corollary to our conclusion that the TCPA claim is subject to § 52-570c(d)'s two-year statute of limitations. See generally Board of Regents v. Tomanio, 446 U.S. 478, 485-86 (1980) (restating "general principle" that borrowing of state statute of limitations "logically include[s] rules of tolling"); accord Pearl v. City of Long Beach, 296 F.3d 76, 80 (2d Cir. 2002); cf. Casey v. Merck & Co., --- F.3d. ----, 2011 WL 3375104, at *5 (2d Cir. Aug. 5, 2011) (holding that federal court evaluating timeliness of state law claims must look to relevant state law to determine whether, and to what extent, statute of limitations is tolled by filing of putative class action in another jurisdiction). While Connecticut has adopted American Pipe's class action tolling doctrine, see Grimes v. Hous. Auth., 242 Conn. 236, 244, 698 A.2d 302, 307 (1997), the Connecticut Supreme Court has not addressed whether such tolling extends through the pendency of an appeal of the denial of class certification. Because Giovanniello's claim would be time-barred under Connecticut law even if Connecticut were to extend class action tolling as far as he urges, however, we need not explore the contours of American Pipe tolling as adopted under Connecticut law.

claim. He submits that such an application is contrary to <u>Jones v. R.R. Donnelly & Sons Co.</u>, 541 U.S. 369 (2004), which endorsed a broad application of the federal catch-all statute of limitations. In doing so, the Supreme Court identified concerns with the federal courts' practice of "limitation borrowing" that led to enactment of 28 U.S.C. § 1658, notably (1) the difficulty in determining which of a state's statutes of limitations was best applied to a particular federal claim, and (2) inconsistencies among states' statutes of limitations for the same federal claim. <u>See</u> <u>id.</u> at 378-79. These concerns are not present here.

First, the issue in this case is not simply what analogous state statute of limitations might apply to a cognizable TCPA claim, but whether a TCPA claim is "otherwise permitted" when filed outside a state statute of limitations given the unambiguous limitation in 47 U.S.C. § 227(b)(3). <u>See</u> <u>Holster v. Gatco, Inc.</u>, 618 F.3d at 216 (recognizing "unique nature" of federal action created by TCPA, which uses "state law to define the federal cause of action" (citing <u>Bonime v. Avaya, Inc.</u>, 547 F.3d at 503 (Calabresi, J., concurring))). For the reasons stated in the previous section, we answer this statutory construction question by construing § 227(b)(3) to encompass applicable state statutes of limitations.

Second, because Conn. Gen. Stat. § 52-570c(d) expressly applies to unsolicited commercial fax claims, there is no difficulty here in determining the period within which claims pertaining to interstate transmissions are "otherwise permitted" by Connecticut state law. Cases that have applied 28 U.S.C. § 1658(a) to TCPA claims where the analogous state statute of limitations was uncertain, <u>see, e.g.</u>, <u>Benedia v. Super Fair Cellular, Inc.</u>, No. 07

15

Civ. 1390, 2007 WL 2903175, at *2 (N.D. Ill. Sept. 26, 2007);[7] Stern v. Bluestone, 47

A.D.3d 576, 582, 850 N.Y.S.2d 90, 96 (1st Dep't 2008), rev'd on other grounds, 12 N.Y.3d

873, 883 N.Y.S.2d 782 (2009); Zelma v. Konikow,  379 N.J. Super. 480, 487-88, 879 A.2d

1185, 1189-90  (N.J. Super. Ct. App. Div. 2005), are thus inapposite, and we have no reason

to consider further their treatment of TCPA claims.[8]

---

[7] In Benedia, the district court concluded that "[a]bsent an express statute of limitations, or a clear direction to consult state law, § 1658 controls."  2007 WL 2903175, at *2. The court did not construe the TCPA's "otherwise permitted" provision to be a "direction to consult state law" because the Seventh Circuit, unlike this court, recognizes federal question jurisdiction for TCPA actions and does not look to state law to determine which causes of action lie under that statute.  See id. (citing Brill v. Countrywide Home Loans, Inc., 427 F.3d 446, 451 (7th Cir. 2005)); see generally Bonime v. Avaya, Inc., 547 F.3d at 503-04 (Calabresi, J., concurring) (discussing differences between Second and Seventh Circuits' interpretation of 47 U.S.C. § 227(b)(3)).  To the extent the Seventh Circuit's different interpretations of § 227(b)(3) may be presumed to have informed its terse conclusion in Sawyer v. Atlas Heating & Sheet Metal Works, Inc., 642 F.3d 560 (7th Cir. 2011), that § 1658(a) supplies the statute of limitations for all TCPA claims, see id. at 561, we cannot depart from our own contrary circuit precedent.

[8] Judge Wallace accuses us of "brush[ing] aside" state court cases applying § 1658(a) to TCPA claims by ignoring their underlying rationale, i.e., that Congress has not clearly indicated that state statutes of limitations should apply to TCPA claims.  Wallace, J., Op., post at **[14]**.  Not so.  In Zelma v. Konikow, 379 N.J. Super. 480, 879 A.2d 1185, a New Jersey court held only that "absent adoption of a specific, shorter period of limitations expressly applicable to TCPA claims, the four-year limitation period provided in [§ 1658(a)] applies to a TCPA action in the courts of this State."  Id. at 488, 879 A.2d at 1190 (emphasis added).  New Jersey, unlike Connecticut, had not adopted a specific shorter statute of limitations for unsolicited commercial fax claims.  See id. at 487 & n.4, 879 A.2d at 1189 & n.4.  As for Worsham v. Fairfield Resorts, Inc., 188 Md. App. 42, 981 A.2d 24 (Md. Ct. Spec. App. 2009), Maryland's intermediate appellate court concluded that § 1658(a) applied to TCPA claims based on the Maryland Court of Appeal's binding interpretation of the TCPA's "otherwise permitted" provision as (1) pertaining exclusively to a state's choice of venue for TCPA actions, and (2) not permitting individual states to decide whether to allow TCPA actions in their courts.  See id. at 50, 981 A.2d at 29 (citing R.A. Ponte Architects, Ltd. v. Investors' Alert, 382 Md. 689, 711-12, 857 A.2d 1 (2004)).  Thus, to the extent

Third, by granting states broad authority to determine when, if at all, TCPA claims may be brought in their courts, Congress has effectively disclaimed any interest in uniform treatment of TCPA claims among the states. See Foxhall Realty Law Offices, Inc. v. Telecomm. Premium Servs., Ltd., 156 F.3d at 438 (recognizing that "existence of a private right of action under the TCPA could vary from state to state"). Indeed, because Congress enacted the TCPA primarily to fill a perceived jurisdictional gap for states that choose to recognize a cause of action for unsolicited commercial faxes, it would be curious to assume that Congress intended for state courts (or federal courts exercising diversity jurisdiction) to apply a different limitations period to TCPA claims than they apply to parallel state claims.[9]

---

Worsham relied on a narrower interpretation of the TCPA's "otherwise permitted" language, its reasoning is unpersuasive and, in any event, contrary to our own binding circuit precedent.

Further, a number of other state courts have applied state statutes of limitations to TCPA claims even where such statutes, unlike Conn. Gen. Stat. § 52-570c(d), do not specifically pertain to unauthorized commercial fax transmission claims. See, e.g., Edwards v. Emperor's Garden Rest., 122 Nev. 317, 327-28, 130 P.3d 1280, 1286-87 (2006) (applying Nevada's two-year statute of limitations for actions based on "a statute for a penalty or forfeiture" to TCPA action (internal quotation marks omitted)); Weitzner v. Vaccess Am. Inc., 5 Pa. D. & C. 5th 95, 123-27 (Pa. Ct. Com. Pl. 2008) (applying Pennsylvania's two-year statute of limitations for invasion of privacy to TCPA action); David L. Smith & Assocs., LLP v. Advanced Placement Team, Inc., 169 S.W.3d 816, 822-23 (Tex. Ct. App. 2005) (applying Texas's two-year statute of limitations for trespass to TCPA action).

[9] In Maryland, where state law simply prohibits violations of the federal TCPA, see Maryland Telephone Consumer Protection Act ("MTCPA"), Md. Code, Com. Law § 14-3201 to -3202, state courts have determined that claims brought under the TCPA are subject to the federal catch-all four-year statute of limitations provided by 28 U.S.C. § 1658(a), see Worsham v. Fairfield Resorts, Inc., 981 A.2d 24, 30, 188 Md. App. 42, 51 (Md. Ct. Spec. App. 2009), while claims brought under the MTCPA are subject to Maryland's default three-year statute of limitations provided by Md. Code, Cts. & Jud. Proc. § 5-101, see AGV Sports Grp., Inc. v. Protus IP Solutions, Inc., 10 A.3d 745, 752-53, 417 Md. 386, 399 (2010) (holding that MTCPA does not fall within exception to default statute of limitations for

17

Finally, Giovanniello's argument that Connecticut's statute of limitations cannot apply to TCPA claims because that state law was enacted in 1989, whereas the TCPA was enacted in 1991, merits little discussion. The TCPA's "otherwise permitted" language is not restricted to state-imposed limitations enacted after the TCPA. Cf. Holster v. Gatco, Inc., 618 F.3d at 218 (applying New York's pre-existing statutory prohibition on class-action suits seeking statutory damages to bar TCPA class claims brought in that state). In any event, Connecticut amended § 52-570c in 2003, inter alia, to increase statutory damages from two hundred to five hundred dollars, thereby aligning Connecticut law with the TCPA in that regard. See 2003 Conn. Legis. Serv. P.A. 03-128 (S.S.B. 332) (West).

Accordingly, in these circumstances, where Connecticut law expressly requires claims for unsolicited commercial faxes to be filed within two years of transmission, we conclude that for Giovanniello's fourth TCPA complaint to be deemed "otherwise permitted" by Connecticut law, it had to have been filed within the limitations period set forth in Conn. Gen. Stat. § 52-570c(d), not the federal catch-all statute of limitations established by 28 U.S.C. § 1658(a). Because Giovanniello's TCPA claim was untimely and, thus, not permitted under Connecticut state law, it was properly dismissed.

---

statutory specialties). We need not consider whether particular features of Maryland state law support the application of distinct statutes of limitations for the same alleged TCPA violation depending on whether the claim is pleaded under federal or state law. Our task is to construe federal law and, for the reasons stated, we read the "otherwise permitted" provision of 47 U.S.C. § 227(b)(3) to include Conn. Gen. Stat. § 52-570c(d), which specifically does not permit actions based on unauthorized commercial faxes filed more than two years after transmission.

18

**III.     Conclusion**

To summarize, we conclude as follows:

1.  State statutes of limitations are properly consulted to determine if a TCPA action is "otherwise permitted by the laws or rules of court of [that] State."  47 U.S.C. § 227(b)(3).

2.  Because Conn. Gen. Stat. § 52-570c(d) expressly permits actions for unsolicited commercial faxes to be maintained only if filed within two years of transmission, plaintiff's TCPA claim had to be filed within that time, and not the four-year limitations period provided by the federal catch-all statute of limitations, 28 U.S.C. § 1658(a).  Having failed to do so, plaintiff's TCPA claim is not "otherwise permitted" by Connecticut state law and must be dismissed.

Accordingly, the judgment of the district court is AFFIRMED.

WALLACE, Senior Circuit Judge, concurring in the judgment:

I agree with the majority that the district court's judgment must be affirmed. I do not agree, however, that Giovanniello's claim is barred by Connecticut General Statute § 52-570c. I would resolve this case on the same ground as the district court: that Giovanniello's claim is time-barred regardless of whether a state or federal statute of limitations applies.

In holding that Connecticut law provides the statute of limitations for Giovanniello's federal claim under the Telephone Consumer Protection Act of 1991 (TCPA), the majority adds to a growing split among the state and federal courts. Where, as here, a decision on this issue is not necessary, I would avoid it. I would do so in this case especially because I view the majority's answer to this issue to be incorrect. TCPA creates a federal claim that, if permitted by the laws or court rules of a state, runs parallel to any state-created rights on the same subject matter. As a federal-created claim arising under a post-1990 Act of Congress, a TCPA claim is governed by 28 U.S.C. § 1658, which establishes a four-year statute of limitations "except as otherwise provided by law." I disagree with the majority that Congress's authorization of the states to decide whether to permit private TCPA actions in their courts also incorporates state statutes of limitations into

those causes of action. Even if it did, the Connecticut statute upon which the majority relies does not purport to govern TCPA claims. I, therefore, concur only in the judgment.

## I.

The district court dismissed Giovanniello's claim on the ground that it was time-barred regardless of whether a state two-year statute of limitations or the federal four-year catch-all statute of limitations applies because tolling of the limitations period under *American Pipe and Construction Co. v. Utah*, 414 U.S. 538 (1974) ceases once the district court strips the action of its class action character. I would affirm on this basis and, as the district court did, avoid making any ruling as to whether federal or state statutes of limitations govern TCPA causes of action in states that permit them.

Giovanniello has presented no convincing reason for us to question the district court's application of *American Pipe* tolling to 28 U.S.C. § 1658(a). In addition, the majority acknowledges that "every circuit to have addressed the scope of this doctrine has concluded, as the district court did here, that *American Pipe* tolling ceases upon denial of class certification." Op. at **[4]** n.1 (citations omitted).

There is a benefit for the Second Circuit to join its sister circuits on this issue. It would resolve an important, generally applicable, and as yet unsettled

2

question of circuit law. On the other hand, while I understand the majority's desire to provide guidance to TCPA litigants and district courts presented with TCPA claims, there is very little utility in providing such guidance in this case because TCPA claims are relatively rare in district courts. The Second Circuit does not recognize federal question jurisdiction for TCPA actions. *Foxhall Realty Law Offices, Inc. v. Telecomms. Premium Servs., Ltd.*, 156 F.3d 432, 436 (2d Cir. 1998). Indeed, single-plaintiff TCPA actions based on diversity will almost never meet the amount in controversy for jurisdiction under 28 U.S.C. § 1332(a). *See Holster v. Gatco, Inc.*, 485 F. Supp. 2d 179, 182 (E.D.N.Y. 2007). Thus, as a practical matter, district courts in the Second Circuit will likely only be presented with TCPA claims when jurisdiction exists under the Class Action Fairness Act, 28 U.S.C. § 1332(d). *Id.* This court has held that representative TCPA actions are not permitted by New York law. *Holster v. Gatco, Inc.*, 618 F.3d 214 (2d Cir. 2010), *cert. denied*, 131 S.Ct. 2151 (Apr. 25, 2011). That leaves the districts of Connecticut and Vermont to wrestle with class-TCPA claims with an amount in controversy over $5,000,000. *See* 28 U.S.C. § 1332(d)(2).

Furthermore, the courts within this circuit that have exclusive jurisdiction over run-of-the-mill TCPA claims (*i.e.,* the state courts) are free to ignore the majority's decision and may well disagree with its conclusions. *Cf. Benedia v.*

3

*Super Fair Cellular, Inc.*, No. 07 Civ. 1390, 2007 WL 2903175, at *2 (N.D. Ill., Sept. 26) ("[E]ven if we decided that Illinois law controls, an Illinois court would be free to select a different statute of limitations and litigants would face the same uncertainty that Super Fair claims its interpretation would avoid").  Indeed, the majority's decision is in direct conflict with the courts of New York, which apply the federal statute of limitations.  *Stern v. Bluestone*, 850 N.Y.S.2d 90, 96 (N.Y. App. Div. 2008), *rev'd on other grounds*, 12 N.Y.3d 873 (N.Y. 2009).  Whatever guidance the majority's decision provides to litigants and trial courts is largely illusory.

The majority's decision that Connecticut law, rather than federal law, provides the statute of limitations for TCPA claims originating in Connecticut is particularly troubling because it tacitly decides that litigants have a right to bring a TCPA action in Connecticut in the first place.  While the parties did not present this question for our review, it makes little sense to decide whether Connecticut's or Congress's statute of limitations applies to TCPA claims originating in Connecticut if it turns out that TCPA actions are not even permitted by Connecticut law.

That Connecticut does permit private TCPA actions is far from clear.  I am not aware of any statute or court rule that affirmatively authorizes TCPA actions in

4

Connecticut state courts. Rather, Connecticut has adopted a statute that regulates unsolicited facsimile transmissions and provides a private right of action for violation of the statute. Conn. Gen. Stat. § 52-570c. Connecticut's law contains substantial differences from the TCPA. *Cf.* Conn. Gen. Stat. § 52-570c *with* 47 U.S.C. § 227(b). For example, the Connecticut statute allows an aggrieved person to recover attorney's fees whereas the TCPA does not; and the TCPA provides treble damages for a willful or knowing violation whereas the Connecticut statute does not. *See id.* The fact that Connecticut has adopted its own scheme providing its own remedies could be interpreted as a rejection of private TCPA actions in favor of private causes of action under Connecticut law. Connecticut's law authorizing private actions may well work exclusive of, rather than parallel to, private actions under the TCPA.

Several courts have considered whether TCPA requires the states to provide a forum for private claims. Some courts have held that the Supremacy Clause of the United States Constitution requires states to hear actions brought under section 227(b)(3). *See, e.g.*, *Italia Foods, Inc. v. Sun Tours, Inc.*, No. 110350, 2011 WL 2163718, at *4-*6 (Ill. June 3) (discussing and adopting the "'Acknowledgment' Approach"). Under this theory, the "if otherwise permitted" language in section 227(b)(3) merely acknowledges that states are free to adopt their own procedures

5

for TCPA actions. *Id.* Other courts have held that TCPA creates a right of action that is automatically enforceable in state court, but that states may "opt out" by withdrawing the jurisdiction of their courts. *See, e.g., Edwards v. Direct Access, LLC*, 124 P.3d 1158, 1160 (Nev. 2005), *abrogated on other grounds by Buzz Stew, LLC v. City of North Las Vegas*, 181 P.3d 670 (Nev. 2008). Finally, one state court has held that TCPA provides a private remedy only if the states "opt in" by adopting laws or court rules that affirmatively authorize private TCPA actions. *Chair King, Inc. v. GTE Mobilnet of Houston, Inc.*, 184 S.W.3d 707, 716 (Tex. 2006).

The Second Circuit has not addressed this precise question. However, its decision in *Foxhall* supports either the "opt out" or the "opt in" theory. 156 F.3d at 438 ("[T]he clause ['if otherwise permitted by the laws or rules of court of a State'] recognizes that states may refuse to exercise the jurisdiction authorized by the statute. To the extent that a state decides to prevent its courts from hearing private actions to enforce TCPA's substantive rights, the existence of a private right of action under the TCPA could vary from state to state"). Since the question was not raised or briefed before us, I do not venture an opinion as to which theory is correct. I point out, however, that plausible arguments could be made under both the "opt out" and "opt in" approaches that Connecticut does not permit a private

6

TCPA action. If Connecticut law does not permit private actions under section 227(b)(3), then the district court would have had no subject matter jurisdiction to hear Giovanniello's claims in the first place. *See Holster*, 618 F.3d at 217-18 (affirming dismissal for lack of jurisdiction where TCPA class action would not be permitted by the laws or rules of court of New York).

The majority's decision that Connecticut General Statute § 52-570c provides the statute of limitations for private TCPA actions is premised on an assumption that TCPA actions are, in fact, permitted by the laws or court rules of Connecticut. I hesitate to accept that premise without further argument. Resolving this case by applying the principles of *American Pipe* tolling, on the other hand, would allow us to pass on that question altogether because Giovanniello's claim would be barred whether or not Connecticut law permits private TCPA actions.

## II.

I disagree with the majority's decision to resolve this case by adopting a state statute of limitations rather than by merely applying *American Pipe* tolling. Nevertheless, because the majority tackles the question of which statute of limitations applies, I will explain why I disagree with the majority's conclusion. First, assuming that TCPA actions are permitted by Connecticut law, the Connecticut statute does not purport to provide a limitations period for such causes

7

of action.  As a matter of statutory construction, Connecticut General Statute § 52-570c cannot provide the limitations period for TCPA claims.  Second, as a federal claim, the substantive elements of a TCPA claim—including the limitations period—must stem from federal law.  Therefore, even if Connecticut did purport to impose its own limitations period for TCPA claims, such a law would be preempted by 28 U.S.C. § 1658(a).

Connecticut General Statute § 52-570c(a) prohibits, among other things, the use of a "machine that electronically transmits facsimiles through connection with a telephone network . . . to transmit unsolicited advertising material . . . ."  Subsection (d) provides:

> Any person aggrieved by a violation of the provisions of this section may bring a civil action in the Superior Court to enjoin further violations and for five hundred dollars for each violation, together with costs and a reasonable attorney's fee.  No such action shall be brought but within two years from the date of the act complained of.

Conn. Gen. Stat. § 52-570c(d).  Appellee argues, and the majority agrees, that this statute provides the limitations period for claims brought under TCPA.

The majority does not base its decision to apply the limitations period from section 52-570c to claims brought under 47 U.S.C. § 227(b) in the language of either statute.  Rather, the majority concludes that the two-year limitations period applies to TCPA claims originating in Connecticut because both statutes regulate

8

the same type of conduct.  While this reasoning has some intuitive appeal, it is not supported by principles of statutory construction.

Section 52-570c creates a *state* cause of action.  To the extent Connecticut law permits the courts of Connecticut to hear a cause of action arising under 47 U.S.C. § 227(b), such a cause of action is parallel to, but distinct from, actions arising under section 52-570c.  The Connecticut statute creates private civil remedies for violations "of the provisions of *this* section."  Conn. Gen. Stat. § 52-570c(d) (emphasis added).  It says nothing about a remedy for violations of 47 U.S.C. § 227(b)(3).  Furthermore it provides that "*such* action" must be brought within two years.  *Id.* (emphasis added).  "Such action" refers to an action for violation of section 52-570c.  It does not include an action for violation of TCPA.  This is so even though the same act would constitute a violation of both statutes.  Thus, according to the statute's terms, the two-year limitations period applies only to causes of action for violation of that section.

The majority generalizes from section 52-570c that "Connecticut law does not 'otherwise permit[]' an action for unsolicited commercial faxes filed more than two years after transmission."  Op. at **[14]**.  But that is not what the statute says.  The statute does not "otherwise permit" an action *for violation of section 52-570c* more than two years after the violation.  We must apply the statute as it is written.

9

Because section 52-570c, by its own terms, applies only to actions for violations of that section, I conclude that it has no applicability to TCPA actions.

## III.

Even if Connecticut had adopted a statute that, by its own terms, imposed a specific limitations period for TCPA claims, the statute would be preempted by federal law. Section 1658(a) provides, "Except as otherwise provided by law, a civil action arising under an Act of Congress enacted after the date of the enactment of this section may not be commenced later than 4 years after the cause of action accrues." 28 U.S.C. § 1658(a). Thus, to the extent a state law purports to impose a statute of limitations on a civil action arising under a post-1990 Act of Congress, such a law is preempted. Only Congress can "otherwise provide[]" for a different limitations period.

The majority does not dispute that civil actions for violation of TCPA "arise under an Act of Congress" enacted after Congress enacted section 1658(a). Op. at **[9]**. The majority also does not contend that Congress has affirmatively "otherwise provided" any specific statute of limitations for TCPA actions. Rather, the majority concludes that a different limitations period is "otherwise provided by law" because Congress made the existence of a private right of action contingent on the states permitting such actions in their courts.

10

The majority's theory is inconsistent with Supreme Court precedent. In *Jones v. R.R. Donnelley & Sons Co.*, the Supreme Court held that section 1658 should be interpreted broadly to provide the limitations period "if the plaintiff's claim against the defendant was made possible by a post-1990 enactment." 541 U.S. 369, 382 (2004). Congress did not adopt any specific limitations period for TCPA claims. Therefore, the most straightforward interpretation of the statutes is that section 1658 should apply.

Although it is possible in the abstract to read the portion of TCPA providing for a private claim "if otherwise permitted by the laws or rules of court of a State," 47 U.S.C. § 227(b)(3), as a decision by Congress to adopt state statutes of limitations for TCPA claims, that is not the interpretation consistent with *Jones* or the legislative history. As the majority points out, the legislative history suggests that Congress adopted this portion of TCPA merely to fill a "perceived jurisdictional gap for interstate communications that states might not otherwise be able to reach." Op. at **[10-11]**. Thus, the most natural reading of the clause is that, upon filling the jurisdictional gap, Congress allowed the states to decide either to permit private TCPA actions in their courts or to not permit them. Legislative history may also support a conclusion that the clause merely leaves states free to determine the venue and procedures for TCPA actions. *See, e.g.*, *R.A. Ponte*

11

*Architects, Ltd. v. Investors' Alert, Inc.*, 857 A.2d 1, 13-14 (Md. 2004) (discussing statements by bill's sponsor, Senator Hollings).

To say that the "if otherwise permitted" language reflects an intent to abandon the federal statute of limitations, however, requires "linguistic contortions" that are contrary to the teachings of *Jones. See Worsham v. Fairfield Resorts, Inc.*, 981 A.2d 24, 33 (Md. Ct. Spec. App. 2009). Under *Jones*, we should interpret section 1658 to fill "more rather than less of the void" caused by borrowing state statutes of limitations for federal causes of action. 541 U.S. at 380. This principle that section 1658 should be read to apply broadly the four-year limitations period to federal causes of action suggests the corollary principle that potential exceptions to the four-year period should be read narrowly. *See Zelma v. Konikow*, 879 A.2d 1185, 1187-88 (N.J. Super. Ct. App. Div. 2005). Nevertheless, the majority chooses the broadest possible reading of TCPA's "if otherwise permitted" clause.

The majority concludes that section 1658 should not be read broadly to provide a limitations period for TCPA because it does not believe the concerns with "limitation borrowing" that led Congress to enact section 1658 are present in this case. Op. at **[15-16]**. I doubt that the concerns the Supreme Court identified in

12

*Jones* are absent in this case. But even if they were, I would not ignore the Court's clear direction to interpret section 1658 broadly.

First, the majority's declaration that "there is no difficulty here in determining the period within which claims pertaining to interstate transmissions are 'otherwise permitted' by Connecticut state law," Op. at **[16]**, is not accurate. If the majority were to apply the plain language of Connecticut General Statute § 52-570c(d), it would recognize that the statute provides a limitations period only for state causes of action brought under that section and not for parallel TCPA claims. However, even if some states do have clearly applicable statutes of limitations, that does not alleviate the concern with limitation borrowing that led Congress to enact section 1658. If TCPA incorporates state statutes of limitations, courts will have to decide on a state-by-state basis (1) whether the state has a statute of limitations specifically applicable to TCPA causes of action, (2) if not, whether one or more general state statutes of limitations could control a TCPA cause of action, and (3) which of the competing statutes should apply. Thus, holding that applicable state statutes of limitations control TCPA filings creates exactly the same problems that section 1658(a) was designed to avoid.

The majority brushes aside the cases that have applied section 1658 to TCPA claims by saying that, in those cases, the "analagous state statute of limitations was

13

uncertain." Op. at **[16-17]**. This characterization of the cases is inaccurate and fails to engage the rationale that supports them, namely, that Congress has not clearly indicated that state statutes of limitations should apply.

In *Zelma*, the Appellate Division of the New Jersey Superior Court held that section 1658 provided the limitations period for TCPA actions rather than New Jersey's two-year limitations period. 879 A.2d at 1185-86. It concluded that "*Jones* requires a narrow reading of the phrase '[e]xcept as otherwise provided by law' included in § 1658 and a similarly narrow reading of language of 'exception' included in statutes like the TCPA that were enacted after § 1658." *Id.* at 1188. The court "hesitate[d] to read general language of exception to infer that Congress intended to create new 'voids' in federal law governing limitation periods and reintroduce the difficulties and confusion that § 1658 was designed to eliminate. Absent a clear indication of an alternate limitation period, language of exception in post-1990 federal enactments should not be read as intended to override the limitation period provided in § 1658." *Id.*

Similarly, in *Worsham*, the Court of Special Appeals of Maryland held that the four-year period of section 1658 applies to TCPA claims, whereas a shorter, three-year period applies to a parallel claim brought under the Maryland Telephone Consumer Protection Act, "which . . . declares it to be a violation of Maryland law

14

for a person to violate the federal TCPA." 981 A.2d 30-34. There, the court reasoned that the cause of action created by TCPA clearly falls within the scope of section 1658, and that Congress did not clearly indicate that a different statute of limitations should apply. *Id.* at 32-33. "[I]f Congress, in fact, had intended to exempt actions under the TCPA from the uniform federal statute of limitations, Congress could have chosen language that made such an intent more evident, or better yet, explicit." *Id.* at 33.

Contrary to the majority's characterization, cases such as *Zelma* and *Worsham* did not adopt section 1658 because the analagous state limitations period was unclear, but rather because TCPA does not clearly indicate that a different statute of limitations is "otherwise provided by law." I agree that the Supreme Court's instruction in *Jones* to interpret section 1658 to apply broadly means that we must interpret possible exceptions to section 1658 narrowly. We should hold there is an exception to section 1658 only if Congress has clearly indicated that a different limitations period controls. TCPA's "if otherwise permitted" clause does not clearly provide a statute of limitations other than section 1658.

**IV.**

I disagree with the majority to the extent it relies on *Bonime v. Avaya, Inc.*, 547 F.3d 497 (2d Cir. 2008), and *Holster v. Gatco, Inc.*, 618 F.3d 214 (2d Cir.

15

2010), for the proposition that Congress left the states to adopt their own limitations period for TCPA claims. *Bonime* held that a New York law barring TCPA class actions in state court also prohibited TCPA class actions in federal court. 547 F.3d at 501-02. The court reasoned that the *Erie* doctrine required it to apply New York's law because "TCPA functionally operates as state law." *Id.* at 501. As a second, independent ground for the decision, the court held that the "if otherwise permitted" clause of section 227(b)(3) unambiguously mandated that "a claim under the TCPA cannot be brought if not permitted by state law." *Id.* at 502. Because New York law did not permit TCPA claims to be brought as class actions in state court, so too they could not be permitted in the district court. The Supreme Court's decision in *Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Co.*, 130 S.Ct. 1431 (2010), abrogated *Bonime*'s first rationale. *Holster*, 618 F.3d at 216-17. However, the Second Circuit reaffirmed the second rationale, reasoning that the legislative history and Congress's decision not to preempt more restrictive state regulations "say to us that Congress intended to give states a fair measure of control over solving the problems that the TCPA addresses." *Id.* at 218. According to *Holster*, "[t]he ability to define when a class cause of action lies and when it does not is part of that control." *Id.*

*Bonime* and *Holster* are distinguishable from this case. The New York law prohibiting TCPA class-actions does not amend or abridge any of the rights enacted by Congress because Congress has not guaranteed TCPA claimants a right to bring actions on behalf of a class. It has, however, provided that private causes of action arising under an Act of Congress enacted after December 1, 1990 (including actions under the TCPA), may be brought within four years after the cause of action accrues unless Congress says otherwise. 28 U.S.C. § 1658. As explained above, the "if otherwise permitted" does not clearly provide for a different limitations period. Therefore, a state statute that purports to "permit" TCPA actions brought within two years, but "not permit" actions brought within four years attempts to modify a right established by Congress.

I am not persuaded by the majority's remaining arguments in favor of applying state statutes of limitations. The majority posits: "Congress placed no restrictions on the state laws or court rules that must be satisfied. Rather, the 'as permitted' requirement is unqualified." Op. at **[11]**. Not so. Section 227(b)(3) does not give the states *carte blanche* to regulate interstate communications. If a state disagreed with Congress's decision to provide treble damages for willful or knowing violations of the TCPA and passed a law "permitting" TCPA claimants to sue for injunctive relief but "not permitting" them to sue for treble damages, such

17

an act would certainly be preempted. Similarly, unless Congress actually intended to take TCPA actions out from under section 1658, the states have no power to impose a different limitations period.[1]

A more plausible interpretation of the "if otherwise permitted" clause is that Congress left the states to decide how to spend their resources on TCPA enforcement. Some states may open the doors of their courts to private TCPA claimants. Others may leave enforcement to their attorneys general or the Federal Communications Commission. *See Int'l Sci. & Tech. Inst., Inc. v. Inacom Commc'ns. Inc.*, 106 F.3d 1146, 1156 (4th Cir. 1997) ("[T]he clause recognizes that states may refuse to exercise the jurisdiction authorized by the statute. Thus, a state could decide to prevent its courts from hearing private actions to enforce the TCPA's substantive rights. To that extent, the existence of a *private* right of action under the TCPA could vary from state to state"); *accord Foxhall*, 156 F.3d at 438.

---

[1]The majority, at note 4 of its opinion, misunderstands my concern. Congress certainly could permit states to impose statutes of limitations on TCPA actions. If, as the majority argues, Congress did provide for state limitations periods to control private TCPA actions, then obviously such statutes would not be preempted. My point is that Congress provided its own statute of limitations (28 U.S.C. § 1658), and it did not "otherwise provide[] by law" for another limitations period to apply. Thus, any attempt by a state to impose its own statute of limitations on TCPA actions is not permitted. I do not believe this argument is odd. The Congress-enacted limitations period for private TCPA actions is just as much a part of TCPA as are its remedies.

18

For its part, Congress chose to limit the use of federal judicial resources for TCPA enforcement by denying private claimants a federal forum except in cases where diversity jurisdiction exists. *See Foxhall*, 156 F.3d at 437-38; *Gottlieb v. Carnival Corp.*, 436 F.3d 335, 340-41 (2d Cir. 2006). Congress's decision to authorize private actions "while mindful of not overburdening state and federal courts and respecting states' judgments about when their courts are overburdened," *Foxhall*, 156 F.3d at 438, does not imply that Congress granted the states power to alter the scope of the cause of action it created.

I also disagree with the majority's contention that Congress "disclaimed any interest in uniform treatment of TCPA claims among the states." Op. at **[18]**. In *Foxhall*, this court recognized that the "*existence* of a private right of action under the TCPA could vary from state to state," 156 F.3d at 438 (emphasis added), and *Holster* confirmed that states may adopt their own methods for processing claims, 618 F.3d 214, but that does not mean that Congress intended the *scope* of a private right of action to vary among those states where the cause of action exists. Indeed, to so hold is in direct tension with the Supremacy Clause. Whether or not it is "curious to assume that Congress intended for . . . courts . . . to apply a different limitations period to TCPA claims than they apply to parallel state claims," Op. at **[18]**, the fact remains that federal claims created after 1990 are governed by

19

section 1658 unless Congress clearly provides otherwise. Congress's decision that private actions under TCPA are authorized in state courts if permitted by state law does not clearly provide for a different statute of limitations.

I would resolve this case by holding that Giovanniello's claim was barred because even if Connecticut permits private TCPA actions and regardless of which statute of limitations applies, his claim was not timely. Nevertheless, the majority wishes to address the issue whether TCPA provides for state statutes of limitations to govern private TCPA actions. I conclude that the federal four-year limitations period must apply.

Therefore, I concur only in the judgment.